UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| VALORY TORRES, on behalf of herself and all others similarly situated,<br><br>      Plaintiffs,<br><br>    -against-<br><br>XSERVE SOLUTIONS, LLC,<br><br>      Defendant. | Civil Action Number:<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL** |

Plaintiff VALORY TORRES (hereinafter, "Plaintiff"), a New York resident, brings this class action complaint by and through her attorneys, Varacalli & Hamra, LLP against Defendant XSERVE SOLUTIONS, LLC (hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

### NATURE OF THE ACTION

3. Plaintiff brings this class action on behalf of a class of New York consumers seeking redress for Defendant's illegal practices, in connection with the collection of a debt allegedly owed by Plaintiff in violation of numerous federal and state laws.

1

4. Defendant's actions violated § 1692 *et seq*. of Title 15 of the United States Code, commonly referred to as the "FDCPA", which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

5. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

6. Plaintiff is a natural person and a resident of the State of New York, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

7. Defendant is a debt collection agency with its principal place of business located in the State of IL.

8. Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. Defendant is a "debt collector," as defined by the FDCPA under 15 U.S.C. § 1692a(6).

## CLASS ALLEGATIONS

10. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following New York consumer class (the "Class"):

    - The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about November 6, 2017; and (a) the collection letter was sent to a consumer seeking payment of a personal debt purportedly owed to ROYAL CAPITAL MANAGEMENT ("Alleged Creditor"); and (b) the collection letter was not returned by the

postal service as undelivered; (c) and Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692, et seq.

- The Class period begins one year to the filing of this Action.

11. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that was sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether Defendant violated various provisions of the FDCPA;

    b. Whether Plaintiff and the Class have been injured by Defendant's conduct;

    c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed proceed to without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## ALLEGATIONS PARTICULAR TO VALORY TORRES

12. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "11" herein with the same force and effect as if the same were set forth at length herein.

13. Some time prior to November 6, 2017, an obligation was allegedly incurred by Plaintiff to Alleged Creditor.

14. The aforesaid obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

15. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

16. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

17. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

18. At a time known only to Defendant, Alleged Creditor, directly or through an intermediary, contracted Defendant to collect on an alleged debt owned by Alleged Creditor.

19. In its effort to collect on same, Defendant contacted Plaintiff by written correspondence on November 6, 2017 (hereinafter the "letter" or "correspondence"). A copy of the correspondence is attached herein as **Exhibit A.**

20. The letter stated the following:

   Principal Balance:     $1,587.16
   Collection cost:       $0.00
   Total Balance Due:     $1,587.16

21. Defendant's correspondence further states at the bottom of the letter, " The total Balance due reflected above is correct as of the date of this letter," implying that at a different date the amount may increase.

22. Defendant's written correspondence to Plaintiff is a "communication" as defined by 15 U.S.C. § 1692a(2).

23. As set forth in the following Counts, Defendant's communication violated numerous state and federal laws.

**COUNT I**
**VIOLATIONS OF THE FDCPA**
**15 U.S.C. §§ 1692g  *et seq***

24. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "23" herein with the same force and effect as if the same were set forth at length herein.

25. Section 1692g(a) of the FDCPA requires a debt collector to provide a consumer with a Validation Rights Notice; herein after referred to as the "Notice." The Notice provides information about the alleged debt and a consumer's rights as more specifically set forth in subsections (a)(1)-(5) as follows:

> (a) ) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing:
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the 30-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

26. This Notice is an important statutory right which must be effectively and clearly conveyed to the consumer.

27. The Notice must be sufficiently prominent to be readily noticed. It cannot be overshadowed by its placement, nor by other language or notices in the letter.

28. Defendant's collection letter states, "The total Balance due reflected above is correct as of the date of this letter." The letter overshadows the 30 day validation period because it implies that the balance may increase due to increasing cost of recovery or other fees, when the balance will never increase due to costs of recovery or other fees.

29. The letter overshadows the 30 day validation period because it threatens that the balance may increase due to increasing late fees and interest, when the balance will never increase due to additional late fees and interest.

30. The letter overshadows the 30 day validation period because it puts a false urgency on payment threatening in part that if payment is not made immediately the balance may increase due to increasing costs of recovery.

31. The cost of recovery of this debt can never increase.

32. The letter overshadows the 30 day validation period because it puts a false urgency on payment threatening in part that if payment is not made immediately the balance may increase due to increasing interest and late fees..

7

33. At the date of the November 06, 2017 collection letter, no additional interest or late fees were actually accruing.

34. Defendant has violated and §1692(e) and (g) by falsely stating " The total Balance due reflected above is correct as of the date of this letter", implying that the balance won't be correct after the date of that letter, or that the balance is flued instead of static, even though the costs of recovery can never actually increase, and the alleged balance is static.

35. Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

**COUNT II**
**VIOLATIONS OF THE FDCPA**
**15 U.S.C. §§ 1692g *et seq***

36. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "35" herein with the same force and effect as if the same were set forth at length herein.

37. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

38. One such requirement is that the debt collector provide "the amount of the debt." 15 U.S.C. § 1692g(a)(1).

39. A debt collector has the obligation not just to convey the amount of the debt, but also to convey such clearly.

40. Defendant's November 06, 2017 collection letter sets forth a Principal balance of

$1,587.16.

41. Defendant's November 06, 2017 collection letter sets forth collection fees as $0.00.

42. Defendant's November 06, 2017, later at the bottom of the page goes on to state, " The total balance due reflected above is correct as of the date of this letter."

43. This implies that the collection cost, quoted as 0.00, earlier in the letter may start accruing costs.

44. The sentence " The total balance due reflected above is correct as of the date of this letter," implies that the balance is fluid and can go up, even though it will never go up.

45. No additional "costs of recovery" may be assessed by the Defendant or by Royal Capital Management."

46. On the date this November 06, 2017 collection letter was sent out no interest or late charges were currently accruing on the account.

47. The letter stated that the Interest charged and the other fees, were at $0.00 dollars, but also goes to state that the total balance due reflected above is correct as of the date of this letter."

48. The letter fails to advise Plaintiff of the amount of potential late fees.

49. The letter fails to advise Plaintiff by how much the "Balance Due" will increase per day.

50. The letter fails to advise Plaintiff by how much the "Balance Due" will increase per month.

51. The letter fails to advise Plaintiff by how much the "Balance Due" will increase per in any measurable period.

52. The letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of his or her debt.

53. Costs of recovery cannot and will never increase and therefore Plaintiff was misguided about the amount of debt she actually owed.

54. At the time of sending this collection letter, no interest was actually accruing on her account.

55. At the time of sending this collection letter, no late fees were actually accruing on her account.

56. For these reasons, Defendant failed to clearly state the amount of the debts.

57. For these reasons, the November 06, 2017 collection letter, failed to unambiguously state the amount of the debt.

58. The least sophisticated consumer would be confused as to what he actually owes.

59. For these reasons, the November 06, 2017 collection letter, would likely make the least sophisticated consumer confused as to the amount of the debt.

60. For these reasons, the November 06, 2017 collection letter, would likely make the least sophisticated consumer uncertain as to the amount of the debt owed.

61. Defendant violated 15 U.S.C. §1692g as it failed to clearly, explicitly and unambiguously convey the amount of the debt.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

    (a)    Declaring that this action is properly maintainable as a Class Action and

    (b)    certifying Plaintiff as Class representative, and Salim Katach, Esq., as Class Counsel;

    (b)    Awarding Plaintiff and the Class statutory damages;

    (c)    Awarding Plaintiff and the Class actual damages;

    (d)    Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

    (e)    Awarding pre-judgment interest and post-judgment interest; and

    (f)    Enjoining Defendant from future collection activity that would lead to violations of the aforementioned violations of state and federal law, including use of the form letter as portrayed in Exhibit A;

    (g)    Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: January 12, 2018

Respectfully submitted,

By: /s/ Salim Katach
Salim Katach, Esq. (SK0924)
Varacalli & Hamra, LLP
32 Broadway, Suite 1818
New York, New York 10004
Phone: (646) 590-0571
*Attorneys for Plaintiff*

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

*/s/ Salim Katach*
Salim Katach, Esq. (SK0924)

Dated: January 12, 2018

11